Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1522 | **DATE** | 9/22/2000 |
| **CASE TITLE** | Jones vs. Tally | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Mr. Jones' Section 2254 petition for writ of habeas corpus is denied and this action is hereby dismissed. Enter Memorandum Opinion and Order. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 2 number of notices | Document Number |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | SEP 25 2000 date docketed | 13 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 9/22/2000 date mailed notice | |
| MPJ courtroom deputy's initials | | ED-7 FILED FOR DOCKETING 00 SEP 22 PM 12:00 Date/time received in central Clerk's Office | MPJ mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
McKINLEY JONES, )
)
      Petitioner, )
)
                                 ) Case No. 00 C 1522
v. )
) DOCKETED
RODNEY TALLY, )
) SEP 25 2001
      Respondent. )

## MEMORANDUM OPINION AND ORDER

On September 15, 1994, Gabriel Reyes was shot to death while attempting to evade two armed persons approaching him in his car. The two shooters fled the scene in a van owned and driven by McKinley Jones. Following a joint jury trial with co-defendant Dante Brown, Mr. Jones was convicted of first-degree murder on an accountability theory and of attempted armed robbery; he was sentenced to concurrent terms of 40 years and 15 years imprisonment, respectively. Mr. Jones files this pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, which I deny.

I.

Neither the petitioner nor the State has provided the trial record. Mr. Jones argues that the State's failure to provide the full trial record hinders my review and ability to reach a just and meritorious decision as to his petition. Although Mr. Jones claims

to contest the factual findings of the First District Appellate Court of Illinois, he only challenges one fact, namely the State's claim that his counsel objected to the admission of the evidence. Mr. Jones claims that it was the objection of his co-defendant's counsel, not his counsel. Moreover, Mr. Jones' contention that the Illinois court erred in concluding that the evidence he objects to probably did not change the outcome of the trial is a legal conclusion, not a fact. Accordingly, I will analyze Mr. Jones' petition using his account as to the contested trial account but have taken the following factual account from the state court opinion. *Green v. Greer*, 667 F.2d 585, 586-89 (7th Cir. 1981).

During the trial, Taiwan Jackson testified that he accepted a ride in Mr. Jones' van; there were four other people in the van, including Mr. Jones, Mr. Brown and Mark Sudduth. Someone in the van, not Mr. Jones, said that they were going to "stick somebody up" and "stick the first person up who looked like they had money." He did not hear Mr. Jones agree to the robbery. Mr. Jackson then asked to be dropped off because he did not want to be involved, but Mr. Jones would not stop to let him out. Mr. Jackson then claims that Mr. Jones attempted to talk to Martha Vison, who kept walking but whom he saw talking to the murder victim, Gabriel Reyes, after driving around the block. Mr. Jones then pulled up to Mr. Reyes'

car so that the driver's door could not be opened. Mr. Brown jumped out of the van, pointed a gun towards Mr. Reyes, and told him to get out of the car. Passenger Sudduth, also armed with a gun, approached the back of Mr. Reyes' car. When Mr. Reyes attempted to drive away, Mr. Sudduth and Mr. Brown fired into the car. When the men returned to the van, Mr. Jones argued with the two, asking them what happened and why they had shot the man. Mr. Jones then sped away and dropped Mr. Jackson off at his grandfather's house.

The testimony of two other witnesses confirms this account. Martha Vison witnessed the shooting and saw the van with Mr. Jones behind the wheel. James Anderson, a local store owner, after hearing gunshots and running toward the scene witnessed the van leaving the scene very fast. He accompanied the police on a search the next day, and they located and identified the defendant's van.[1] Chicago police officers then placed the van under surveillance. When it was moved, they attempted to pull it over but as the officers approached the van, someone threw a loaded gun out of the window, then drove away. A chase ensued, during which the offenders crashed, then jumped out of the van. The officers returned to the address where the van was parked, and, after speaking with the

---

[1] Both Ms. Vison and Mr. Anderson identified Mr. Jones from a lineup, and Ms. Vison identified the van from a photograph.

defendant's mother, learned that Mr. Jones owned the van. The officers searched for Mr. Jones, but did not find him until one day later, in an apartment with Messrs. Brown and Sudduth, drivers of the van the day before. After being identified in two lineups, Mr. Jones eventually admitted that he was driving the van when Mr. Reyes was shot. He also acknowledged that he knew his passengers had weapons and that they intended to rob a drug dealer or a prostitute.

Mr. Jones was tried together with Mr. Brown. He argues that evidence of the van chase and the discarded gun was improperly admitted and that error was compounded by statements made by the State's Attorney during closing argument. It is undisputed that Mr. Jones was not in the van during the police chase and that the gun thrown out the window was not the one used to shoot Mr. Reyes.

Mr. Jones claims that the evidence of and repeated reference to the police chase and gun thrown out the window of his van constituted a denial of due process of law, a fair trial, and effective assistance of counsel in violation of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution when the trial court improperly allowed evidence of other crimes not related to him into evidence and defense counsel failed to object to the entry of this evidence at the pretrial hearing or in his

4

post trial motion. Mr. Jones proceeds pro se, so I hold his petition to "less stringent standards than formal pleadings drafted by lawyers." *Antonelli v. Sheahan,* 81 F.3d 1422, 1427 (7th Cir. 1996).

## II.

The State concedes that Mr. Jones has exhausted his state law remedies, but it argues that his claims are procedurally defaulted because he failed to present them as federal claims in state court. Before a federal court may address the merits of a habeas corpus petition, the petitioner must provide the state courts with the opportunity to review his constitutional claims. *See Boerckel v. O'Sullivan,* 135 F.3d 1194, 1196 (7th Cir. 1998); *Momient-El v. DeTella,* 118 F.3d 535, 538 (7th Cir. 1997). Thus, he must present his claims in such a way as to "fairly alert the state court to any applicable [federal] constitutional grounds for the claim." *Green v. Peters,* 36 F.3d 602, 605 (7th Cir. 1994)(quoting *Sullivan,* 731 F.2d at 453). Both the operative facts and the controlling legal principles of a constitutional claim must be submitted to the state court. *Verdin v. O'Leary,* 972 F.2d 1467, 1474 (7th Cir. 1992)(citing *Picard v. Connor,* 404 U.S. 270, 277 (1971)). A failure to do so will result in a procedural default preventing review of

the petitioner's claims by the federal courts. *Boerckel*, 135 F.3d at 1197; *Aliwoli v. Gilmore*, 127 F.3d 632, 634 (7th Cir. 1997). In determining whether a federal claim has been fairly presented in state court, I follow the framework articulated by the Seventh Circuit in *Verdin*:

> If the petitioner's argument to the state court did not: (1) rely on pertinent federal cases employing constitutional analysis; (2) rely on state cases applying constitutional analysis to a similar factual situation; (3) assert the claim in terms so particular as to call to mind a specific constitutional right; or (4) allege a pattern of facts that is well within the mainstream of constitutional litigation, then this court will not consider the state courts to have had a fair opportunity to consider the claim.
> *Verdin*, 972 F.2d at 1473-74.

I find that Mr. Jones adequately raised the ineffective assistance of counsel claim, but relied solely on state law with respect to the trial error. Therefore, that claim is procedurally defaulted.

Mr. Jones claims he was deprived of his Fourteenth Amendment rights to equal protection and due process when the trial court admitted evidence of similar crimes. After thoroughly reviewing his arguments to the Illinois Appellate Court in light of the four factors set forth in *Verdin*, I conclude that Mr. Jones failed to present adequately the question of an alleged federal due process violation to the state courts. Mr. Jones has therefore waived this

6

claim for purposes of federal habeas review. In his appeal, Mr. Jones did not rely on any federal cases but instead relied on arguments rooted entirely in state law. I also reviewed the Illinois cases cited in his state appellate brief and do not discern any which apply Fourteenth Amendment analysis to a similar factual situation. Nor did Mr. Jones assert his claim in terms so particular as to call to mind a specific constitutional right or allege a pattern of facts that is within the mainstream of constitutional litigation. The *Verdin* test requires more particularity as to the nature of the constitutional claim. While a petitioner is not required to cite "book and verse of the federal constitution," he must provide the state court an opportunity to "adjudicate squarely th[e] federal issue." *Id.*, 972 F.2d at 1474. Mr. Jones has not done so here, so this claim is procedurally defaulted.

I may nonetheless address the merits of a procedurally defaulted claim if the petitioner can establish cause and prejudice or show that his conviction would be a miscarriage of justice. *Edwards v. Carpenter,* -- U.S.--, 120 S.Ct. 1587, 1591 (2000); *Lemons v. O'Sullivan,* 54 F.3d 357, 360 (7th Cir. 1995). The Supreme Court has interpreted cause under this test to be something external to

7

the petitioner which is both beyond his control and which cannot fairly be attributed to him. *Murray v. Carrier,* 477 U.S. 478, 488 (1986). To show prejudice, "[t]he habeas petitioner must show 'not merely that the errors at... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."' *Id.* at 494.

Mr. Jones claims that the trial court committed reversible error when it permitted the State to admit evidence that his co-defendants were involved in a police chase in his van when he was elsewhere during which a gun, not involved in the crime for which he was convicted, was thrown out of the car. He claims this error was compounded during closing arguments. State evidentiary rulings can rarely form the basis for a habeas claim. Unless a specific constitutional right has been violated -- there is no such allegation here, a federal court can issue a writ of habeas corpus only when a state evidentiary ruling violates the petitioner's due process rights by denying him a fundamentally fair trial. *See Woodruff v. Lane,* 818 F.2d 1369, 1373 (7th Cir. 1987); *Cramer v. Fahner,* 683 F.2d 1376, 1385 (7th Cir. 1982).

Because this claim is procedurally defaulted, I first determine if cause exists. Attorney ignorance or inadvertence is not cause for a procedural default unless it constitutes ineffective assistance of counsel. *Murray*, 477 U.S. at 488; *Coleman*, 501 U.S. at 753-54. Thus, counsel's ineffectiveness will constitute cause for a procedural default only if it constitutes an independent constitutional violation. *Coleman*, 501 U.S. at 755. Mr. Jones' attorney inexplicably did not raise the federal arguments in his appeal brief, a failure that rises to the requisite level of incompetence.

Although Mr. Jones shows cause, no prejudice existed as a result. The appellate court determined that the State's references during its closing argument were proper. It questioned the introduction of the gun but concluded it did not affect the outcome of the trial. The court concluded that the trial court's determination that the probative value of testimony relating to the van chase outweighed its prejudicial effect was not an abuse of discretion. The court reasoned that although two witnesses saw Mr. Jones driving the van, they did not know who he was nor where he lived, and it was only through surveillance and the ensuing chase that the police identified and located Mr. Jones and the other

defendants. In addition, the court noted that in determining whether a defendant is accountable for the conduct of another, the jury may consider whether the defendant: (1) was present during the perpetration of the offense -- he was, (2) maintained a close affiliation with his companions after the commission of the crime, - he did by lending them his van, (3) reported the crime -- he did not, and (4) fled the scene of the crime -- he also did. *See People v. Taylor*, 164 Ill.2d 131, 141 (1995). All of these factors weigh against Mr. Jones, and it was proper for the jury to consider that he permitted the two individuals whom he admitted he knew had shot Mr. Reyes to use his van. This evidence was clearly relevant to the issue of Mr. Jones' accountability and properly admitted. Therefore, the State was also justified in pointing to these facts and any inferences as to Mr. Jones' guilt that could be drawn therefrom during its closing arguments.

The trial court conceded that the testimony related to the discarded gun, not used in the shooting of Mr. Reyes, "may have been improperly admitted." but that "given the nature of the evidence against defendant, we cannot say that there is a reasonable probability that the outcome of the trial would have been different but for counsel's error." I agree that the trial

10

court's rulings did not deprive Mr. Jones of a fair trial. Mr. Jackson admits to driving and knowing that an armed robbery was to occur, and whether the victim was to be a drug dealer, a prostitute or a passerby is immaterial. I therefore cannot conclude that the trial court's refusal to exclude this evidence resulted in a fundamentally unfair trial of constitutional dimension for Mr. Jones.

### III.

Mr. Jones claims that his counsel's failure to argue for exclusion of the evidence of the chase and the gun constituted ineffective assistance of counsel. Mr. Jones raised his ineffective assistance argument in state court using the federal standard, *Strickland v. Washington,* 466 U.S. 668 (1984), so I address it on the merits. Nonetheless, I must deny a petition for habeas corpus with respect to any claim adjudicated on the merits in a state court unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or the state court's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2).

11

A motion in limine to exclude this evidence was filed by Mr. Jones' co-defendant's counsel but not by counsel for Mr. Jones. I cannot speculate why Mr. Jones' attorney would not have himself raised the issue to exclude this evidence. The Illinois appellate court concluded the chase evidence was properly admitted so counsel was adequate; the court declared that testimony related to the discarded gun "may have been improperly admitted" but "given the nature of the evidence against" Mr. Jones, could not conclude that there was "a reasonable probability that the outcome of the trial would have been different but for counsel's error." Having decided above that this testimony regarding the gun did not prejudice Mr. Jones' trial, I cannot say that the conclusion reached by the Illinois court was unreasonable.

Mr. Jones' § 2254 petition for writ of habeas corpus is therefore DENIED.

ENTER ORDER:

*Elaine E. Bucklo*

Elaine E. Bucklo
United States District Judge

Dated: September 22, 2000

Copies have been mailed to:

McKinley Jones, K-56206
Shawnee Correctional Center
P.O. Box 300
Vienna, IL 62995

Petitioner

Lisa A. Smith
Assistant Attorney General
100 W. Randolph St., 12th Fl.
Chicago, IL 60604

Attorney for Respondent